UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
JESSICA NELSON,                     )
                                    )   No. C06-1142RSL
            Plaintiff,              )
     v.                             )   ORDER DENYING PLAINTIFF'S
                                    )   MOTION FOR THE COURT TO
FEDERAL WAY DEPARTMENT OF           )   CONSIDER A SEALED *EX PARTE*
PUBLIC SAFETY,                      )   DOCUMENT
                                    )
            Defendant.              )
_____ )

   This matter comes before the Court on "Plaintiff's Motion to Accept a Sealed *Ex Parte* Document" (Dkt. #23). In her motion, plaintiff states that she filed the sealed document (Dkt. #24) to provide the Court with "new facts" to support her motion for reconsideration (Dkt. #22). In response, defendant opposes plaintiff's motion and requests that the Court refrain from reading the document. See Dkt. #25 at 6.

   While it is true Local Civil Rule 7(h)(1) states "[t]he court will ordinarily deny [motions for reconsideration] in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority," plaintiff's filing of the ex parte document to provide "new facts" was improper under the Local Civil Rules, the Washington Rules of Professional Conduct, and the Code of Conduct for United States Judges. Under Local Civil Rule 7(b)(1), if a "motion requires consideration of facts not appearing of record, the movant shall also serve

ORDER DENYING PLAINTIFF'S MOTION
FOR THE COURT TO CONSIDER A
SEALED *EX PARTE* DOCUMENT

1 and file [on each party that has appeared in the action] copies of all affidavits, declarations,
2 photographic or other evidence presented in support of the motion." Furthermore, under Rule
3 3.5(b)(2) of the Washington Rules of Professional Conduct, "A lawyer shall not: . . . (b)
4 communicate ex parte with [a judge] during the proceeding unless authorized to do so by law or
5 court order." Finally, Cannon 3A(4) of the Code of Conduct for United States Judges provides
6 that a "judge should . . . neither initiate nor consider *ex parte* communications on the merits, or
7 procedures affecting the merits, of a pending or impending proceeding."

8 For these reasons, the Court DENIES "Plaintiff's Motion to Accept a Sealed *Ex Parte*
9 Document" (Dkt. #23). The Court has not read or otherwise considered plaintiff's ex parte
10 document (Dkt. #24) and STRIKES it from the record. Given plaintiff's representation that the
11 ex parte document contains attorney-client privileged information, however, the document (Dkt.
12 #24) shall remain sealed in the Court's electronic case filing system.

DATED this 5th day of June, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR THE COURT TO CONSIDER A
SEALED *EX PARTE* DOCUMENT           -2-