UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA NELSON,

Plaintiff,

v.

FEDERAL WAY DEPARTMENT OF PUBLIC SAFETY,

Defendant.

No. C06-1142RSL

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DATES AND PRETRIAL SCHEDULING ORDER DEADLINES

## I. INTRODUCTION

This matter comes before the Court on plaintiff's combined "Motion to Reconsider Denial of Plaintiff's Motion to Extend Discovery Dates Pursuant to FRCP 16(b)" and "Motion to Permit Substitution of Counsel and Extend Discovery Dates and Pretrial Scheduling Order Deadlines Pursuant to FRCP 16(b)" (Dkt. #22). For the reasons set forth below, the Court denies plaintiff's motions.

## II. DISCUSSION

### A. Background

On October 18, 2006, the Court issued a scheduling order in this matter setting March 14, 2007 as the deadline for Fed. R. Civ. P. 26(a)(2) expert reports, and May 13, 2007 as the deadline for completion of discovery. See Dkt. #9. On March 28, 2007, plaintiff moved to extend these deadlines by 60 days. See Dkt. #17 (Plaintiff's Motion to Extend Discovery Dates

and Pretrial Scheduling Order Deadlines Pursuant to FRCP 16(b)). On April 17, 2007, the Court denied this request because plaintiff failed to show diligence in attempting to comply with the scheduling order. See Dkt. #20. Plaintiff now moves for reconsideration of the Court's April 17th order and moves again for extension of the deadlines to allow for substitution of counsel.

**B. Analysis**

**1. Plaintiff's Motion for Reconsideration**

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). Plaintiff has not met this burden.

First, plaintiff claims that a "breakdown of communications" between herself and her attorney, Beth Allen, is "good cause" for an extension of deadlines. See Motion at 2. Plaintiff further explains that she did not provide details of the communication breakdown in her motion to extend discovery dates and pretrial scheduling order deadlines because it would have required revealing privileged attorney-client communications. Id. As a result, accompanying this motion is a motion for the Court to consider an ex parte document purporting to provide "new facts" in support of the motion for reconsideration. The Court has denied this motion, and accordingly, there are no "new facts" before the Court sufficient to warrant reconsideration of the April 17, 2007 order.

Plaintiff also contends that "it is in the best interest of justice to grant the motion" for reconsideration because of "Plaintiff's good-faith effort to seek a stipulated motion for extension prior to the expiration of the deadline." See Motion at 2-3 (attaching "evidence that Plaintiff's counsel did make a timely good faith effort to seek a stipulated motion to extend discovery dates."). However, as the Court's scheduling order states, the dates in the order "are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties." See

Dkt. #9 at 2. While plaintiff might have been diligent in attempting to obtain a stipulation, plaintiff has not shown diligence in attempting to meet the scheduling order's deadlines. See Dkt. #20 (quoting Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.") (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (internal citations omitted)); Hansen v. Schubert, 459 F. Supp. 2d 973, 1001 (E.D. Cal. 2006) ("The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment."); In re Imperial Credit Indus., Inc., 252 F. Supp. 2d 1005, 1017 (C.D. Cal. 2003) ("The focus of the 'good cause' analysis under Rule 16(b) is the diligence of the party seeking the modification. . . . The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting Federal Rule of Civil Procedure 16 Advisory Committee's notes (1983 amendment)). For these reasons, plaintiff's motion for reconsideration is denied.

**2. Plaintiff's Second Motion to Extend Discovery Dates and Pretrial Scheduling Order Deadlines**

In addition to her motion for reconsideration, plaintiff also moves again for an extension of the scheduling order's deadlines. Plaintiff makes no separate argument in support of this motion – the motion for an extension is inseparable from her motion for reconsideration.[1] As stated above, plaintiff has failed to show diligence in attempting to comply with the Court's

---

[1] The only distinction plaintiff makes in presenting these two motions is the noting date. See Motion at 1 (caption) (noting the motion for reconsideration for April 30, 2007, and the motion for extension for May 9, 2007).

scheduling order. Accordingly, plaintiff's second motion for an extension is denied.[2]

## III. CONCLUSION

For all of the foregoing reasons, plaintiff's combined "Motion to Reconsider Denial of Plaintiff's Motion to Extend Discovery Dates Pursuant to FRCP 16(b)" and "Motion to Permit Substitution of Counsel and Extend Discovery Dates and Pretrial Scheduling Order Deadlines Pursuant to FRCP 16(b)" (Dkt. #22) is DENIED.

DATED this 5th day of June, 2007.

Robert S. Lasnik
United States District Judge

[2] See generally Johnson, 975 F.2d at 611 ("As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques. We will not snatch it away or destroy its effectiveness by requiring district courts to countenance the practices exemplified by the facts of this case.").