UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JESSICA NELSON,                      )
                                     )  No. C06-1142RSL
                  Plaintiff,         )
        v.                           )  ORDER GRANTING PLAINTIFF'S
                                     )  COUNSEL'S MOTION TO
FEDERAL WAY DEPARTMENT OF            )  WITHDRAW
PUBLIC SAFETY,                       )
                                     )
                  Defendant.         )
_____)

## INTRODUCTION

This matter comes before the Court on "Plaintiff's Counsel of Record['s] Motion to Withdraw" (Dkt. #28).  In her motion, Beth Allen, plaintiff's counsel of record, requests leave to withdraw her appearance in this case because her relationship with plaintiff has become "unreasonably difficult" and Ms. Allen claims that plaintiff's consultation with another attorney has caused "unending complications."  See Motion at 4-5.  As evidence of the strained relationship between plaintiff and Ms. Allen, plaintiff filed her own response opposing Ms. Allen's withdrawal unless the dates in the scheduling order are extended "so as to give me time to have a competent attorney to conduct [sic] some discovery and to prepare for trial."  See Dkt. #30 (Declaration of Jessica Nelson in Opposition to Plaintiff's Counsel's Motion to Withdraw) at ¶13.  In opposition, defendant contests any extension to the pretrial schedule.  See Dkt. #31 (Defendant's Response to Nelson Decl.).  For the reasons set forth below, the Court grants Ms.

ORDER GRANTING PLAINTIFF'S
COUNSEL'S MOTION TO WITHDRAW

Allen's motion to withdraw.

## II. DISCUSSION

**A.     Background**

On October 18, 2006, the Court issued a scheduling order in this matter setting March 14, 2007 as the deadline for Fed. R. Civ. P. 26(a)(2) expert reports, and May 13, 2007 as the deadline for completion of discovery. See Dkt. #9.  On March 28, 2007, plaintiff moved to extend these deadlines by 60 days. See Dkt. #17.  The Court denied this request because plaintiff failed to show diligence in attempting to comply with the scheduling order. See Dkt. #20.  On April 30, 2007, plaintiff filed a motion for reconsideration of the Court's order and moved again for extension of the discovery deadlines in order to allow for substitution of counsel. See Dkt. #22.  As part of her motion for reconsideration, plaintiff also filed a motion for the Court to accept an ex parte sealed document which allegedly demonstrates "new facts" justifying the motion for reconsideration. Id.  The Court denied the motion for an ex parte filing and also denied plaintiff's motions for reconsideration and extension because plaintiff failed to show diligence in complying with the Court's scheduling order.

**B.     Analysis**

Plaintiff's counsel, Ms. Allen, now seeks leave of Court to withdraw her appearance in this matter. Under Local General Rule 2(g)(4)(A), "No attorney shall withdraw an appearance in any cause, civil or criminal, except by leave of court.  Leave shall be obtained by filing a motion or a stipulation for withdrawal[.] . . . The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off in a civil case."  The Court has broad discretion to interpret and apply this local rule. See Miranda v. S. Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir. 1983) ("District courts have broad discretion in interpreting and applying their local rules.").  Pursuant to Rule 1.16(b) of the Washington Rules of Professional Conduct, "a lawyer may withdraw from representing a client if:  (7) . . . good cause for withdrawal exists."

ORDER GRANTING PLAINTIFF'S
COUNSEL'S MOTION TO WITHDRAW            -2-

Even though Ms. Allen filed her motion to withdraw after the May 13, 2007 discovery deadline passed, based on statements made in plaintiff's declaration, there has been a complete breakdown in the attorney-client relationship between plaintiff and Ms. Allen supporting good cause for Ms. Allen's withdrawal in this case.

In her declaration, plaintiff asserts that she "lost all faith in Ms. Allen several months ago as a competent attorney. I am unable to work with her. I believe she has lied to me and to the court[.]" Dkt. #30 at ¶10. Had plaintiff made her dissatisfaction with Ms. Allen known "several months ago," Ms. Allen could have presumptively withdrawn sixty days before the May 13, 2007 discovery cut off under Local Rule 2(g). Furthermore, Ms. Allen alleges that the involvement of Darryl Parker, who provided plaintiff with "pro bono assistance" in this matter, has rendered Ms. Allen's representation of plaintiff unreasonably difficult. See Motion at 4 ("Plaintiff demonstrates that she believes that Mr. Parker is correct in every aspect of his advice and direction and insists that counsel of record do as Mr. Parker directs."); Dkt. #30 at ¶8. While plaintiff concedes that Mr. Parker has provided assistance, she does not directly refute Ms. Allen's allegations regarding the difficulty of working with Mr. Parker. See Dkt. #30 at ¶8.

Plaintiff also does not unconditionally contest Ms. Allen's withdrawal. Instead, plaintiff consents to Ms. Allen's withdrawal as long as the scheduling order is extended "so as to give me time to have a competent attorney to conduct [sic] some discovery and to prepare for trial." See Dkt. #30 at ¶13. Plaintiff's request, however, is simply another attempt to avoid the consequences of the failure to comply with the Court's deadlines. See Dkt. ##17, 22. Even if, as plaintiff alleges, Ms. Allen is responsible for the lack of diligence in completing discovery within the time frame set by the Court, plaintiff cannot evade accountability for these actions by requesting an extension now to allow for substitution of different counsel.[1] See Pioneer Inv.

---

[1] Plaintiff is not without remedy. As the Supreme Court stated in Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962), "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice."

ORDER GRANTING PLAINTIFF'S
COUNSEL'S MOTION TO WITHDRAW           -3-

Serv. Co. v. Brunswick, Assocs. Ltd., 507 U.S. 380, 396 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys."). This is especially true given that plaintiff could have found substitute counsel "several months ago" when she "lost all faith" in Ms. Allen. See Dkt. #30 at ¶10. Plaintiff voluntarily chose Ms. Allen as her representative in this action. As the Supreme Court in Link v. Wabash R.R. Co., 370 U.S. 626 (1962) held, plaintiff:

> cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of [her] lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.[2]

Id. at 633-34 (internal quotation omitted). Finally, the Court notes that plaintiff's contention that Ms. Allen has not conducted discovery is contradicted by plaintiff's assertion that discovery requests were sent on March 6, 2007 and the prior representation to this Court that "[b]ecause Plaintiff appealed her termination by Federal Way, a significant amount of discovery was complete before the case was filed in this Court." See Dkt. #17 at 2.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiff's counsel of record's "Motion to Withdraw" (Dkt. #28). If plaintiff does not appoint another attorney to represent her in this matter, plaintiff is granted leave to proceed pro se.

DATED this 5th day of June, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Plaintiff concedes in her declaration that on February 15, 2007 she became aware of "Ms. Allen's lack of litigation on my case." See Dkt. #30 at ¶3. This was almost three months before the May 13, 2007 discovery cut off.

ORDER GRANTING PLAINTIFF'S
COUNSEL'S MOTION TO WITHDRAW        -4-