1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

JESSICA NELSON,

10

Plaintiff,

v.

11

FEDERAL WAY DEPARTMENT OF
PUBLIC SAFETY,

12

13

Defendant.

No. C06-1142RSL

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER

14

## I.  INTRODUCTION

15

16

17

18

19

This motion comes before the Court on defendant's "Motion for Protective Order" (Dkt. #36).  In its motion, defendant seeks an order under Fed. R. Civ. P. 26(c)(1) prohibiting the deposition of fourteen individuals and defendant's Fed. R. 30(b)(6) designee because of deficiencies in plaintiff's "Notice of Depositions."  For the reasons set forth below, the Court grants in part and denies in part defendant's motion for a protective order.

20

## II.  DISCUSSION

21

**A.      Background**

22

23

On May 8, 2007, four days before the May 14, 2007[1] discovery cutoff in this matter,

24

25

[1]  May 14, 2007 was the discovery deadline in this case because the May 13, 2007 date identified for completion of discovery in the Court's "Minute Order Setting Trial Date & Related Dates" (Dkt. #9)

26

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION FOR PROTECTIVE ORDER

1  defendant received a "Notice of Depositions" (hereinafter the "Notice") by facsimile from

2  plaintiff.  See Dkt. #37 at ¶2; Ex. A.  The Notice identifies seven individuals to be deposed on

3  May 14, 2007 and seven individuals plus defendant's Fed. R. Civ. P. 30(b)(6) designee to be

4  deposed on May 15, 2007.  Id. at Ex. A.  On May 10, 2007, the parties' counsel held a discovery

5  conference regarding the Notice.  See Dkt. #37 at ¶3.  After the conference, on May 10th,

6  counsel for defendant sent plaintiff's counsel an e-mail confirming the substance of agreements

7  reached at the conference.  Id. at Ex. B.  At the conference, defendant identified numerous

8  deficiencies with the deposition notice.  Id.  Because of the disputes concerning the Notice,

9  plaintiff agreed to suspend the depositions pending a ruling on a motion for protective order.  Id.

10  On May 11, 2007, plaintiff's counsel responded to the e-mail agreeing to its substance and

11  stating that she was "giving serious consideration to withdrawing the notice."  Id.  On May 29,

12  and again on June 4, 2007, defendant contacted plaintiff's counsel inquiring whether the Notice

13  was withdrawn.  Id.  On June 5, 2007, plaintiff's counsel did not give a definitive answer on

14  whether the notice was withdrawn, but stated "you have to do what you have to do."  Id.  Later

15  on June 5, 2007, the Court granted plaintiff's counsel of record's motion to withdraw and leave

16  to plaintiff to proceed pro se.  See Dkt. #34.  Defendant filed its motion for a protective order on

17  June 7, 2007.[2]  On the last day for filing of dispositive motions, June 12, 2007, defendant filed a

18  _____

19  was a Sunday.  As the Court's order provides, "If any of the dates identified in this Order or the Local

20  Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business
   day."  Id. at 2.  Accordingly, the discovery cutoff in this matter was Monday, May 14, 2007.

21      [2]  In her response, plaintiff contests the motion for protective order because it was filed after the

22  Court's deadline for discovery motions.  See Response at 1.   If, however, the Court denied the motion as
   untimely, given that plaintiff's counsel agreed on May 11, 2007 that the City did not need to appear for

23  the depositions, plaintiff would have to file a motion to compel the depositions, which would also be

24  untimely.  See Dkt. #37, Ex. B.  Both parties are responsible for the timing issues presented by this
   motion.  On May 10, 2007, after the parties recognized the dispute over the Notice, the parties should

25  have filed a stipulation and proposed order seeking to extend the deadline for filing discovery motions for

26  ORDER GRANTING IN PART AND
   DENYING IN PART DEFENDANT'S
   MOTION FOR PROTECTIVE ORDER          -2-

1    motion for summary judgment.  See Dkt. #41.

2    **B.    Analysis**

3            As defendant correctly notes, there are numerous deficiencies with the Notice.  See

4    Motion at 3.  For example, in excess of Fed. R. Civ. P. 30(a)(2)(A)'s ten deposition limit, the

5    Notice lists fourteen individual deponents and a Rule 30(b)(6) designee.  The most significant

6    deficiency is the fact that the Notice set seven individual depositions and the deposition of the

7    Rule 30(b)(6) designee for May 15, 2007, a day after the discovery cutoff.  Plaintiff's scheduling

8    of depositions after the discovery cutoff was improper.  Therefore, the Court GRANTS

9    defendant's protective with respect to the following depositions:  (1) Officer Bryan Klingel; (2)

10   Lieutenant Bud Piel; (3) Officer Richard Kim; (4) Officer Doc White; (5) Officer Jason Ellis (6)

11   Officer Steve Olson; (7) MIS Clerk Choung Ong; and (8) defendant's Rule 30(b)(6) designee.[3]

12   These depositions will not be allowed.

13          The Court, however, DENIES defendant's motion for a protective order for the seven

14   depositions scheduled for May 14, 2007, before discovery closed.[4]  Based on this ruling,

15   plaintiff is granted leave to take the depositions of:  (1) Chief Brian Wilson; (2) Officer John

16   Clary; (3) Kelly Crouch; (4) Officer Gabriel Castro; (5) Officer John Stray; (6) Officer Annette

17   Schol; and (7) Officer Tom Kettells.  Consistent with the Notice, plaintiff is limited to one hour

18   of examination per individual.  If plaintiff decides to proceed with the deposition of these

19

20   the purpose of resolving the dispute.

21          [3] Given that the Court grants defendant's motion with respect to the Rule 30(b)(6) designee,
22   defendant's arguments that the scope of the Rule 30(b)(6) deposition is overbroad and requires the
     production of documents is MOOT.  See Motion at 3.

23          [4] Although defendant contests the manner of service of the Notice and the short amount of
24   notice, this appears to be an objection based on form over substance in the situation here where the
     parties conducted a discovery conference regarding the Notice on May 10, 2007 and the City seemed
25   ready to appear for the depositions.  See Dkt. #37, Ex. B ("I have advised my client, the City, that it does
     not need to appear for the depositions next Monday and Tuesday.").

26   ORDER GRANTING IN PART AND
     DENYING IN PART DEFENDANT'S
     MOTION FOR PROTECTIVE ORDER          -3-

1   individuals, plaintiff shall serve defendant with notice of the depositions within 5 days from the

2   date of this order and the depositions shall be completed by no later than **July 25, 2007**.

3

4        DATED this 2nd day of July, 2007.

5

6                                        *MNS Lasnik*

7                                        Robert S. Lasnik
                                         United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER GRANTING IN PART AND
     DENYING IN PART DEFENDANT'S
     MOTION FOR PROTECTIVE ORDER          -4-