1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
JESSICA NELSON,                           )
                                                    )          No. C06-1142RSL
                            Plaintiff,           )
            v.                                      )          ORDER DENYING PLAINTIFF'S
                                                    )          MOTION FOR RECONSIDERATION
FEDERAL WAY DEPARTMENT OF     )          AND ORDER GRANTING MOTION
PUBLIC SAFETY,                            )          TO UNSEAL DOCUMENT
                                                    )
                            Defendant.         )
_____)

## I.  INTRODUCTION

This matter comes before the Court on plaintiff's "Motion for Reconsideration & Motion to Unseal Ex Parte Communication" (Dkt. #39).  In her motion, plaintiff requests:  (1) reconsideration of the Court's June 5, 2007 "Order Denying Plaintiff's Motion to Extend Discovery Dates and Pretrial Scheduling Order Deadlines" (Dkt. #33); (2) reconsideration of the "Court's Order Granting Plaintiff's Counsel's Motion to Withdraw;" and (3) the unsealing of a sealed document filed ex parte (Dkt. #24).  For the reasons set forth below, the Court denies plaintiff's motions for reconsideration and grants plaintiff's motion to unseal docket #24.

## II.  DISCUSSION

As an initial matter, although plaintiff claims to be "appearing pro se," she has "hired additional counsel on an hourly basis to pursue these motions."  See Motion at 1; Dkt. #40

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION AND ORDER
GRANTING MOTION TO UNSEAL DOCUMENT

1   (Nelson Decl.) at ¶2.  A "pro se" is defined as "One who represents oneself in a court

2   proceeding <u>without the assistance of a lawyer</u>."  <u>Black's Law Dictionary</u> 1258 (8th ed. 2004)

3   (emphasis added).  Accordingly, for purposes of this motion, the Court does not consider

4   plaintiff as appearing pro se.

5            **1.        Reconsideration of order denying extension**

6            Motions for reconsideration are disfavored in this district and will be granted only upon a

7   "showing of manifest error in the prior ruling" or "new facts or legal authority which could not

8   have been brought to [the Court's] attention earlier with reasonable diligence."  Local Civil Rule

9   7(h)(1).  Plaintiff has not met her burden under this rule.

10           Plaintiff requests reconsideration of the Order denying plaintiff's motion to extend

11  discovery dates and pretrial scheduling order deadlines (Dkt. #33) because "[n]ew facts exist

12  supporting reversal of the order."  <u>See</u> Motion at 4.  These "new facts" are contained in a letter

13  that plaintiff's former counsel, Beth Allen, sent to plaintiff.  <u>See</u> Dkt. #40 (Nelson Decl.) at Ex.

14  A.  As the Court explains below, however, the "new facts" contained in the letter do not support

15  reconsideration of the Court's denial of plaintiff's request for extension.

16           As the Court stated in its June 5, 2007 order, "plaintiff has not shown <u>diligence</u> in

17  attempting to meet the scheduling order's deadlines."  <u>See</u> Dkt. #33 at 3 (emphasis in original)

18  (citing Dkt. #20 "Order Denying Motion for Extension of Time" (quoting <u>Zivkovic v. S. Cal.</u>

19  <u>Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The pretrial schedule may be modified 'if it

20  cannot reasonably be met despite the diligence of the party seeking the extension.'  If the party

21  seeking the modification 'was not diligent, the inquiry should end' and the motion to modify

22  should not be granted.") (citations omitted)).  The letter attached to plaintiff's declaration

23

24

25

26  ORDER DENYING PLAINTIFF'S MOTION
    FOR RECONSIDERATION AND ORDER
    GRANTING MOTION TO UNSEAL DOCUMENT    -2-

1  demonstrates that plaintiff's counsel was not diligent[1] with respect to discovery in this case:

2
3
4

> We could have done more discovery and we could have explored more thoroughly whether to use experts.  We could have expended more efforts locating helpful witnesses.  I will not say whether my conduct would fall below the minimum threshold, but I will admit that I failed to give the case my normal degree of attention.

5  See Dkt. #40 at Ex. A.  Although plaintiff claims that she was diligent, and her former counsel

6  states that "she [plaintiff] should not be prejudiced by my conduct," it is well settled that "[t]he

7  established principle is that the faults and defaults of the attorney may be imputed to, and their

8  consequences visited upon, his or her client."  Dkt. #40, Ex. A; Motion at 3; West Coast Theater

9  Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990); see Pioneer Inv. Serv. Co. v.

10  Brunswick, Assocs. Ltd., 507 U.S. 380, 396 (1993) ("[C]lients must be held accountable for the

11  acts and omissions of their attorneys");  Magala v. Gonzales, 434 F.3d 523, 525 (7th Cir. 2005)

12  ("[I]t has long been understood that lawyer's mistakes in civil litigation are imputed to their

13  clients").

14      In cases such as this, where the "litigants are bound by the conduct of their attorneys," the

15  client's remedy is one of malpractice.  Nealey v. Transport. Maritima Mexicana, S.A., 662 F.2d

16  1275, 1282 n.13 (9th Cir. 1980); see Link v. Wasbash R.R. Co., 370 U.S. 626, 634 n.10 (1962)

17  ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances,

18  the client's remedy is against the attorney in a suit for malpractice."); Magala, 434 F.3d at 526

19  ("The civil remedy is damages for malpractice").

20      Based on this authority and the lack of a showing of diligence in meeting the deadlines in

21  this case, plaintiff's motion for reconsideration of the Court's June 5, 2007 order (Dkt. #33) is

22  DENIED.

23

24
25

----

[1] See Dkt. #40, Ex. A ("I then agreed to represent Ms. Nelson to prosecute her federal case.  I should not have.  I had little federal court experience and even less experience in the Western District of Washington.  My gut told me not to take the case, but I did.  I have learned my lesson and will not be taking any cases in the Western District until I am better prepared to do so.").

26  ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION AND ORDER
GRANTING MOTION TO UNSEAL DOCUMENT    -3-

## 2.    Reconsideration of order granting plaintiff's counsel's motion to withdraw

Plaintiff also moves for reconsideration of the Court's order granting plaintiff's counsel's motion to withdraw because "[n]ew facts exist supporting the reversal of the order granting counsel's withdrawal." See Motion at 4. Like the "new facts" submitted in support of plaintiff's motion for reconsideration of the order denying an extension, the new facts purporting to support reconsideration of the order granting counsel's withdrawal are also in the letter that plaintiff's former counsel, Beth Allen, sent to plaintiff. See Dkt. #40, Ex. A. Plaintiff claims that this letter shows that plaintiff did not act improperly, and because of this, her counsel should not have been allowed to withdraw. See Motion at 5.

Even if plaintiff did not act improperly, the Court based its ruling on the fact that "there has been a complete breakdown in the attorney-client relationship between plaintiff and Ms. Allen supporting good cause for Ms. Allen's withdrawal in this case." See Dkt. #34 at 3. The "new facts" in the letter submitted by plaintiff underscore this complete breakdown in the relationship:

> After the motion [for extension] was denied, I concluded that Ms. Nelson and I had a total breakdown of communications. Ms. Nelson insisted on telling me how to run the case. She was quite openly angry with me and I, quite frankly, was losing patience with her. But, more importantly, it became clear that Ms. Nelson felt that if she had to continue with me as counsel, she would not get full justice. . . . The rift between Ms. Nelson and I has become a chasm that I do not believe we can negotiate without detriment to Ms. Nelson. She expresses that she has lost all confidence in me.

See Dkt. #40, Ex. A. The statements made in this letter support, rather than undermine, the Court's conclusion that there was a complete breakdown in the attorney-client relationship warranting counsel's withdraw. Although her counsel was allowed to withdraw, as the Court's June 5 Order stated, "Plaintiff is not without remedy." See Dkt. #34 at 3 n.1 (citing Link, 370 U.S. at 634 n.10 ("[T]he client's remedy is against the attorney in a suit for malpractice.")). For all these reasons, plaintiff's motion for reconsideration of the Court's order granting counsel's withdraw is denied.

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION AND ORDER
GRANTING MOTION TO UNSEAL DOCUMENT    -4-

### 3.        Motion to unseal ex parte document

On April 30, 2007, plaintiff filed a "Motion to Accept a Sealed *Ex Parte* Document." See

Dkt. #23.  Plaintiff filed the motion with an ex parte sealed document to provide the court with

"new facts" to support her a motion for reconsideration of the Court's order denying an

extension of the discovery deadline.  Plaintiff, however, did not identify the nature of the "new

facts" or the content of the sealed ex parte document.  Plaintiff simply stated that the facts were

"protected under the attorney-client privilege." See Dkt. #23 at 2.  Given that plaintiff filed the

document ex parte without explaining the general content of the document, the Court denied the

motion to consider the document concluding that:

> [P]laintiff's filing of the ex parte document to provide "new facts" was improper
> under the Local Civil Rules, the Washington Rules of Professional Conduct, and
> the Code of Conduct for United States Judges.  Under Local Civil Rule 7(b)(1), if
> a "motion requires consideration of facts not appearing of record, the movant shall
> also serve and file [on each party that has appeared in the action] copies of all
> affidavits, declarations, photographic or other evidence presented in support of the
> motion."  Furthermore, under Rule 3.5(b)(2) of the Washington Rules of
> Professional Conduct, "A lawyer shall not: . . . (b) communicate ex parte with [a
> judge] during the proceeding unless authorized to do so by law or court order."
> Finally, Cannon 3A(4) of the Code of Conduct for United States Judges provides
> that a "judge should . . . neither initiate nor consider *ex parte* communications on
> the merits, or procedures affecting the merits, of a pending or impending
> proceeding."

See Dkt #32 at 1-2.  In order to provide the Court with "new facts" to support her current motion

for reconsideration, plaintiff now waives her attorney-client privilege[2] with respect to docket #24

and moves to unseal the document, stating "[s]ince the document was sealed to protect my

rights, I have the authority to consent to the unsealing of the records." See Dkt. #40 (Nelson

Decl.) at ¶5.  Plaintiff has already filed a version of the sealed document publically in the

docket. See id. at ¶4 ("Attached to this declaration is an email with attachment [sic] that I

received from my prior counsel Beth Allen on April 30, 2007.  Ms. Allen wrote the letter

---

[2]  Given that plaintiff "hired additional counsel on an hourly basis to pursue these motions," her
waiver of the attorney-client privilege was presumptively done with the advice of counsel.

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION AND ORDER
GRANTING MOTION TO UNSEAL DOCUMENT    -5-

1  attached thereto.  It is my understanding that a version of this letter was then filed under seal

2  with the Court on April 30, 2007); Ex. A.

3     Now that plaintiff has waived privilege[3] and filed a substantially similar copy of the

4  sealed document to her declaration (Dkt. #40, Ex. A),[4] the Court GRANTS plaintiff's motion to

5  unseal docket #24.

6                          **III.  CONCLUSION**

7     For all of the foregoing reasons, "Plaintiff's Motion for Reconsideration & Motion to

8  Unseal Ex Parte Communication" (Dkt. #39) is GRANTED IN PART and DENIED IN PART.

9  Plaintiff's motion for reconsideration is DENIED.  Plaintiff's motion to unseal docket #24 is

10  GRANTED.  The Clerk of Court is directed to unseal docket #24.

11  //

12  //
   //

13

14  _____

15     [3] Plaintiff is incorrect in her conclusion that because of the Court's order denying consideration
   of the ex parte document "it is this Court's belief that there is no mechanism under the rules of civil

16  procedure which allow a litigant to notify the court of facts containing attorney-client privileged
   information, which may bear upon the procedural aspects of the representation."  See Motion at 5.  In her

17  "Motion to Accept a Sealed *Ex Parte* Document," plaintiff failed in any way to disclose the nature of the
   document filed ex parte.  Without more, and based on the prohibitions regarding ex parte

18  communications, the Court did not consider the document.  Plaintiff should have filed a motion for *in
   camera* review (without filing the document in the docket), describing the nature of the document in

19  sufficient detail to give defendant an opportunity to contest *in camera* review and for the Court to
   determine if *in camera* review was appropriate.  Plaintiff could have also filed a motion for *in camera*

20  inspection of the document before waiving privilege and attaching it to her declaration.  See Foltz v. State

21  Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 n.6 (9th Cir. 2003) ("*[I]n camera* inspection is a
   commonly used procedural method for determining whether information should be protected or revealed

22  to other parties.").

23     [4] Defendant opposes the motion to unseal the document claiming that "the City has not had the

24  opportunity to review the letter prior to filing this opposition."  See Dkt. #44 at 4.  Given that the Court

25  finds that docket #24 is substantially similar to the copy attached to plaintiff's declaration (Dkt. #40, Ex.
   A), defendant has already had an opportunity to respond to the content of the letter.

26  ORDER DENYING PLAINTIFF'S MOTION
   FOR RECONSIDERATION AND ORDER
   GRANTING MOTION TO UNSEAL DOCUMENT   -6-

1  DATED this 2nd day of July, 2007.

2

3

4                                           Robert S. Lasnik
                                            United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER DENYING PLAINTIFF'S MOTION
    FOR RECONSIDERATION AND ORDER
    GRANTING MOTION TO UNSEAL DOCUMENT    -7-