UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
JESSICA NELSON,                    )   No. C06-1142RSL
                                   )
                     Plaintiff,    )   ORDER GRANTING IN PART
         v.                        )   AND DENYING IN PART
                                   )   PLAINTIFF'S MOTION FOR
FEDERAL WAY DEPARTMENT OF          )   CONTINUANCE AND ORDER
PUBLIC SAFETY,                     )   RENOTING DEFENDANT'S MOTION
                                   )   FOR SUMMARY JUDGMENT AND
                     Defendant.    )   CONTINUING TRIAL DATE
_____)

This motion comes before the Court on plaintiff's "Motion for Continuance" (Dkt. #38). In her motion, plaintiff[1] requests "sixty (60) days to complete discovery and a corresponding resetting of all dates thereafter." See Motion at 3. For the reasons set forth below, the Court grants in part and denies in part plaintiff's motion for a continuance. The discovery cutoff in the case was May 14, 2007. See Dkt. #9. The Court has denied plaintiff's repeated motions for a discovery continuance in this matter because she has failed to show diligence in attempting to comply with the Court's scheduling order. See Dkt. #20 ("Order Denying Plaintiff's Motion to

---

[1] Although plaintiff claims to be "appearing pro se," she has "hired additional counsel on an hourly basis to pursue these motions." See Motion at 1; Dkt. #40 (Nelson Decl.) at ¶2. A "pro se" is defined as "One who represents oneself in a court proceeding without the assistance of a lawyer." Black's Law Dictionary 1258 (8th ed. 2004) (emphasis added). Accordingly, for purposes of this motion, the Court does not consider plaintiff as appearing pro se.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
FOR A CONTINUANCE

Extend Discovery Dates and Pretrial Scheduling Order Deadlines"); Dkt. #33 (Order Denying Plaintiff's Motion for Reconsideration and Order Denying Plaintiff's Motion to Extend Discovery Dates and Pretrial Scheduling Order Deadlines"). On June 11, 2007, plaintiff moved for reconsideration of the Court's second order (Dkt. #33) denying her a discovery continuance. See Dkt. #39. For the reasons set forth in the Court's order denying plaintiff's motion for reconsideration (Dkt. #39), the Court also DENIES plaintiff's motion for a general sixty day continuance. See "Order Denying Plaintiff's Motion for Reconsideration and Order Granting Motion to Unseal a Document."

However, in response to defendant's June 7, 2007 motion for a protective order, the Court granted plaintiff leave to take seven one-hour depositions that were originally scheduled for May 14, 2007. See "Order Granting In Part and Denying In Part Defendant's Motion for Protective Order." These depositions are to be completed by July 25, 2007. Id. Accordingly, plaintiff's motion for a continuance is GRANTED IN PART to the extent that plaintiff has until July 25, 2007 to complete these depositions. No other discovery is permitted by this limited extension.

Defendant's "Motion for Summary Judgment" is noted for the Court's consideration on July 6, 2007, and accordingly plaintiff's response is due on July 2, 2007. See Dkt. #41; Local Civil Rule 7(d)(3). Because plaintiff has been granted leave to take seven one-hour depositions after the noting date for defendant's summary judgment motion, the Court RENOTES defendant's "Motion for Summary Judgment" to **August 31, 2007**.[2] In accordance with this new

---

[2] Although defendant contends that "allowing plaintiff to conduct additional discovery . . . in light of[] a pending summary judgment motion would offend notions of procedural justice and be unfair to the City," defendant could have filed its motion for protective order regarding plaintiff's "Notice of Depositions" for consideration before the June 12, 2007 dispositive motion deadline in this matter. See Response at 4; Dkt. #36 (Motion for Protective Order) (noted for June 22, 2007). Furthermore, the Federal Rules of Civil Procedure contemplate that limited discovery may occur in response to a summary

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
FOR A CONTINUANCE                -2-

noting date, under Local Civil Rule 7(d)(3), plaintiff's response to defendant's motion for summary judgment is due **August 27, 2007**, and defendant's reply, if any, is due on **August 31, 2007**. Under the Court's order setting trial date, trial in this matter was originally set for September 10, 2007. See Dkt. #9. Given the new noting date for defendant's motion for summary judgment, the Court RESETS the trial date in this matter to **November 5, 2007**. The Deputy Clerk will issue a revised scheduling order resetting the dates affected by the new trial date.[3]

DATED this 2nd day of July, 2007.

*signature*

Robert S. Lasnik
United States District Judge

---

judgment motion. See Fed. R. Civ. P. 56(f).

[3] Although defendant's motion for summary judgment has been renoted to August 31, 2007, the June 12, 2007 dispositive motion deadline is not extended under the terms of this order.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
FOR A CONTINUANCE                                -3-